**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **BOBBI FURIN,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 2:07cv1542 |
| | ) | Electronic Filing |
| **REESE TELESERVICES, INC.** | ) | |
| **d/b/a THE RESOURCE GROUP,** | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM

Plaintiff commenced this action on November 13, 2007, seeking redress for alleged retaliation under the Family and Medical Leave Act. Presently before the court is plaintiff's motion to deem the amended complaint served, or, in the alternative, to permit service of the complaint by publication. For the reasons set forth below, the motion will be granted to the extent it seeks relief to serve the complaint by publication and denied in all other aspects.

Plaintiff has made several attempts to serve Defendant, Reese Teleservices, Inc. ("defendant"). Plaintiff initially attempted to serve the complaint along with a waiver of service of summons by certified mail at the defendant's prior business address. Through this effort plaintiff's counsel obtained two forwarding addresses in the Pittsburgh area, followed by a forwarding address in King of Prussia, Pennsylvania. Additional research revealed that defendant had been acquired by or merged into The Resource Group, which has a principal place of business in Washington, D.C. Plaintiff filed an amended complaint naming both entites as a defendant, presumably on the ground that the asset purchase agreement or merger would provide a basis for successor liability. See e.g. Rego v. ARC Water Treatment Co., 181 F.3d 396, 401 (3d Cir. 1999).

Plaintiff hired a process server. Several attempts were made to effect personal service at The Resource Group's business address, which is within a secured building. The company receptionist refused to permit access into the building after the process server verbally requested

permission to enter.

Numerous additional attempts were then made to make service on the registered agent of The Resource Group's parent corporation, known as TRG, one Mohammed Khaisghi. The process server had called the telephone listing for The Resource Group. Khaisghi answered and spoke with the process server, who described the purpose of delivering and accepting legal process. Khaisghi would not agree to meet in order to accept service.

Plaintiff's counsel then sought to effectuate service by sending a package via UPS to The Resource Group. The package was registered within UPS's tracking system. Subsequent follow-up indicates the package was received by "CARON" located in "RECEPTION."

Plaintiff's contention that it would be proper to recognize valid service of process based on the above events is misplaced. Both Pa. R. Civ. P. 403 and 404 require that "a copy of the process shall be mailed to the defendant by any form of mail requiring a receipt signed by the defendant or his authorized agent." There is no basis to support this requirement. To the contrary, the record suggests that "CARON" is a receptionist or secretary of the defendant. A signature of such an individual is "insufficient." See Barrett v. City of Allentown, 152 F.R.D. 46, 50 (E.D. Pa.1993) (service on a defendant's secretary insufficient basis for service of process). Indeed, the United States Court of Appeals for the Third Circuit has expressly recognized that the plaintiff bears the burden of proffering a competent basis to show an authorized agent of the defendant has received the complaint and offering proof that a mail clerk or receptionist signed for the package "offer[s] no proof that the signatures belong to the defendant's authorized agents." Lampe v. Xouth, Inc., 952 F.2d 697, 701 (3d Cir. 1991); see also Scanlin v. TD Waterhouse, Inc., 2006 WL 1724565, * 2 (M.D. Pa., Jun 19, 2006) ("Where the plaintiff has not offered proof that the signatures belong to an 'authorized agent' of the defendant, and where there is no way to discern the identity of the signer, a mailing does not constitute effective service under Pennsylvania law.").

Plaintiff cites Borah, M.D., P.C. v. Monumental Life Insurance Co., 2005 WL 83261

(E.D. Pa., January 14, 2005), for the proposition that receipt by a defendant's receptionist can constitute valid service of process. There, a mail clerk signed for the package and delivered it to the secretary assigned directly to the authorized agent. Here, plaintiff has no idea who "CARON" is, and accordingly it would be improper to conclude that the signature is by an authorized agent.

The only alternative way to demonstrate valid service of process has occurred is under Rule 402(b). Rule 402(b) provides: "In lieu of [original service of process] under this rule, the defendant or his authorized agent may accept service of original process by filing a separate document...." The record shows that no authorized agent filed such a document on defendant's behalf. Consequently, plaintiff's request to deem service of process effectuated must be denied.

Plaintiff alternatively seeks permission to effectuate service of process by publication pursuant to Pa. R. Civ. P. 430. Service by publication is permissible where a good faith effort has been made to locate the defendant and effectuate service through other more direct methods and publication in specific newspapers and journals is reasonably calculated to convey the required notice. Kittaning Coal Co. V. International Mining Co., 551 F. Supp. 834, 841 (W.D. Pa. 1982). Service of process through this method is "an extraordinary measure and great pains should be taken to ensure that the defendant will receive actual notice of [the] action against him." Fusco v. Hill Financial Sav. Ass'n, 683 A.2d 677, 680 (Pa. Super. 1996).

Plaintiff has fulfilled the requirement for service by publication. Plaintiff has submitted an affidavit demonstrating that a good faith effort to locate the defendant has taken place. Several efforts to effectuate service at The Resource Group's actual business address have been made. The process server was denied entry into the building and an individual answering the telephone for The Resource Group refused to make arrangements for service after being informed of the purpose of and need for service. Efforts through registered parcel delivery have also come up short. Thus, a good faith effort has been made to utilize all other reasonable means of actual service.

Moreover, Rule 430(b)(1) dictates that once service by publication is permitted, notice in

the form outlined therein shall be placed in a publication for legal notices and in a newspaper of general circulation. The Washington Lawyer and the Washington Post are widely circulated publications in the Washington, D.C. area. Furthermore, the fact that the process server spoke with Khaisghi regarding service and Khaisghi indicated that arrangements would be made with the defendant's lawyer suggests that the defendant is or should be aware of plaintiff's ongoing efforts to effectuate service. In addition, the court will direct plaintiff's counsel to mail a copy of this memorandum and the accompanying order to The Resource Group's mailing address and make telephone contact with The Resource Group and Khaisghi during the run of the publication and advise the company of the specific publications containing the notice and the dates during which it will continue to appear. These additional measures provide further assurance that service of process by publication will be reasonably calculated to ensure actual notice of the pending action.[1]

An appropriate order will follow.


Date: November 24, 2008


                                        s/ David Stewart Cercone
                                        David Stewart Cercone
                                        United States District Judge


cc:     Gregory G. Paul, Esquire
        Peirce Law Offices
        707 Grant Street
        2500 Gulf Tower
        Pittsburgh, PA 15219

---

[1]Plaintiff requests an extension to serve the Amended Complaint pursuant to Rule 4(m), which requires a complaint to be dismissed without prejudice against unless the plaintiff shows good cause for the failure of service. Plaintiff has shown good cause for the extension and this aspect of the motion will also be granted.

4